# Commonwealth *v.* Alderman, Appellant.

*Liquor law—Act of May 5, 1921, P. L. 407—Constitutionality— Constitutional law—Delegation of legislative power—Amendment by title—Title of act—Special legislation.*

The Act of May 5, 1921, P. L. 407 (Woner Act), passed for the purpose of carrying out the provisions of the 18th Amendment to the Federal Constitution and the Volstead Act, is not unconstitutional as being a delegation of the legislative power by the general assembly.

The Volstead Act, passed by Congress for the purpose of carrying out the provisions of the 18th Amendment, is part of the supreme law of the land.   The Woner Act, passed pursuant to and in enforcement of the federal act, was not an amendment or extension of legislation, but was a recognition of the law already exist-

ing in full force and effect. It is not, therefore, unconstitutional as being an extension or amendment of existing legislation by reference to its title.

The general subject of the Woner Act is liquors. It enforces their regulation and their prohibition, and, there being no part of the act which is not clearly germane to the subject expressed in the title it is not unconstitutional.

Liquor has been recognized for many years as a special subject for legislation. While the Woner Act changes the rules of evidence, it operates upon all of a class, and is not unconstitutional as being special legislation.

Argued April 10, 1922. Appeal, No. 118, April T., 1922, by defendant, from judgment of Q. S. Crawford County, Nov. Sessions, 1921, No. 53, on verdict of guilty, in the case of Commonwealth of Pennsylvania v. William Alderman. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for transporting and having intoxicating liquors. Before PRATHER, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty, upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were refusal to quash the indictment, refusal to affirm points submitted by the defendant, refusal of motion in arrest of judgment, and the judgment of the court.

*Frank J. Thomas,* and with him *Paul E. Thomas,* for appellant.—The act is not a complete act in all its terms and provisions, and, since it delegated legislative functions of the State to the federal Congress, it is unconstitutional: O'Neil v. Insurance Co., 166 Pa. 72.

Since the subject of the act can only be ascertained from other legal enactments, it is a violation of section 6, article III, of the Pennsylvania Constitution: Com. v. Doughert, 39 Pa. Superior Ct. 338; Pittsburgh's Petition, 138 Pa. 401.

*George E. Alter,* Attorney General, and with him *August Delp,* District Attorney, for appellee.—The Woner Act has not revived, amended, extended or conferred any law, but simply declares existing law according to a standard found not to be arbitrary: Rupper v. Caffey, 251 U. S. 264; Com. v. Sweeney, 61 Pa. Superior Ct. 367.

OPINION BY TREXLER, J., July 13, 1922:

The defendant was indicted for transporting and having in his possession intoxicating liquor in violation of the provisions of the 20th and 21st sections of the Act of May 5, 1921, P. L. 407, known as the Woner Act and was found guilty. It is claimed that the act is unconstitutional and that there is no valid law of the Commonwealth that makes any of the acts charged in the bill, indictable offenses.

The first attack on the act is that it violates article II, section 1 of the Constitution. As that article merely relates to the routine of legislation and is not within the purview of judicial inquiry, Kilgore v. Magee, 85 Pa. 401, 412, we need not give any further attention to this proposition.

The next is that it operates against section 6, article III, of the Constitution, which provides that "No law shall be revived, amended or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revived, amended, extended or conferred shall be reënacted and published at length." It is to this article of the Constitution that the argument is principally directed and if there be any difficulty in the decision of the question before us, it is found here.

The Eighteenth Amendment to the Federal Constitution prohibits the manufacture, sale or transportation of intoxicating liquors for beverage purposes and declares that Congress and the several states shall have concurrent power to enforce the article by appropriate legislation. The United States Supreme Court, in National

Prohibition Case, 253 U. S. 350, declared that "the first section of the amendment, the one embodying prohibition is operative throughout the entire territorial limits of the United States, binds all legislative bodies, courts, public officers and individuals within those limits" and invalidates all inconsistent legislation. To carry out the provisions of the amendment, Congress passed what is known as the Volstead Act and therein it defines what constitute intoxicating beverages. That law is the supreme law of the land.

The Act of 13th May, 1887, P. L. 108, called the Brooks License Law, so far as its provisions were not repugnant to the national law, remained and was appropriate legislation: Commonwealth of Pennsylvania v. Vigliotti et al., Supreme Ct. U. S., April 10, 1922, 271 Pa. 10; 75 Pa. Superior Ct. 366. The legislature of this State, apparently wishing to coöperate with the government in the enforcement of prohibition passed the Woner Act in which, prohibiting the sale of liquors contrary to the laws of the United States, the right to license the sale of liquors, not prohibited by the Volstead Act, was retained. It licenses the sale of liquors which have an alcoholic content of less than one-half of one per cent, the amount declared by Congress to be intoxicating. It is an amendment to the Brooks Act and contains the following: "Section 1. Be it enacted, etc. That the phrase 'vinous, spirituous, malt or brewed liquors' the phrase 'spirituous, vinous, malt or brewed liquors,' and the word 'liquors' as used in this act, shall mean vinous, spirituous, malt or brewed liquors fit for beverage purposes, other than such as are, from time to time, determined and found to be intoxicating by the act of Congress passed pursuant to, and in enforcement of, the Constitution of the United States of America."

The phrase "intoxicating liquors" shall mean anything found and determined, from time to time, to be intoxicating by the act of Congress passed pursuant to, and in the enforcement of, the Constitution of the United States

of America." Recurring to section 6, article III, of the Constitution, quoted above, it is argued that these words are in violation of its provisions and incorporate into the Woner Act the Volstead Act and all subsequent acts of Congress defining intoxicating liquors, not only extending the provisions of the act by reference only but thus delegating to Congress legislative powers which can only be exercised by the state legislators. In support of this position, we are told that our own case Com. v. Dougherty, 39 Pa. Superior Ct. 338, is decisive of the question. In that case the first section of the Act 1st June, 1907, P. L. 386, was declared unconstitutional, in that it, by mere reference to the title, transferred into our laws the Food & Drug Act of Congress of June 30, 1906, and the rules and regulations promulgated from time to time for the enforcement of same. We think that there is a clear distinction between the present case and that. Congress in the regulation of commerce, passed the "Pure Food Act." That operated only upon the commerce or trade that was within federal control. When the legislature adopted the act by mere reference to its title, it transferred bodily the "Pure Food Act" into the laws of the State and sought to make that binding upon its citizens which before the passing of the act did not apply to transactions within the State, but only to those in interstate commerce. In the Woner Act, however, we merely have the recognition of an existing fact "it expressly recognizes the paramount authority of the acts of Congress passed pursuant to and in the enforcement of the Eighteenth Amendment of the Constitution of the United States": Cambria County liquor Licenses, 78 Pa. Superior Ct. 28. There is no imposition of a new law; there is merely the recognition of what the law is and which law is binding upon the courts, citizens and legislatures and is the law of the land irrespective of state legislation. The act of Congress received no new sanction from the act of the legislature nor was any legislation necessary, on the part of our lawmakers, to give it effect within the State. The act of Congress was

coextensive with the limits of the nation and embraces all intrastate as well as interstate transactions. It would not have been necessary for the framers of this act to have written the words quoted above into this act; they could have prohibited the sale of intoxicating beverages and the definition given by Congress would have applied. That definition bound all of the citizens of the United States and presumably is known to all of them and limits any concurrent legislation which the legislature of any state may see fit to pass. The power of future legislation will, necessarily, be limited as declared by the act, by the action of Congress upon this subject and such restrictions will continue irrespective of any state law. We repeat, the reference to the acts of Congress imposes no new law upon the people of the State and does not violate the section above referred to.

The next inquiry is, does the act violate article III, section 3 of the Constitution of Pennsylvania which provides that no bill except general appropriation bills shall be passed containing more than one subject which shall be clearly expressed in its title. The title of the Woner Act reads as follows: "Amending an act, approved the thirteenth day of May, one thousand eight hundred and eighty-seven entitled 'an act to restrain and regulate the sale of vinous and spirituous, malt or brewed liquors, or any admixture thereof' by prohibiting the manufacture, sale, offering for sale, transportation, importation, exportation, furnishing, or possession, for beverage purposes, of anything determined and found to be intoxicating by act of Congress passed pursuant to, and in the enforcement of, the Constitution of the United States of America; and by restraining and regulating the sale of vinous, spirituous, malt or brewed liquors, or any admixtures thereof, fit for beverage purposes, other than such as are, from time to time, determined and found to be intoxicating by any such act of Congress." We think this requires little attention. The general subject of the act is liquors, it enforces their regulation and their pro-

hibition. The Brooks law was an act to restrain and regulate the sale of liquors. The same objection was made to its title but the Supreme Court in Com. v. James Sellers, 130 Pa. 32, dismissed the matter very curtly by saying "There is not a single section, or clause in any section, in the act, that is not clearly germane to the subject expressed in the title." The same may be said to the amendment to the act.

The last objection is that the Woner Law is special legislation and that it changes rules of evidence in a judicial proceeding. Liquor has been recognized as a special subject of legislation for many years and the provisions that its possession should imply that it was used for beverage purposes, does not offend against article III, section 7, of the Constitution. It does change the rules of evidence but it is not a special law for it operates upon all of a class and the making of a separate class of those manufacturing, selling and using liquors is justifiable and is well recognized in the law.

The judgment of the court below is affirmed and the record remitted and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.