# In re Application of Pen-Mar Distilling Company.

*Liquor laws—Distillers—Licenses—Manufacture for nonbeverage purposes—Act of June 9, 1891, P. L. 257, as amended by the Act of July 30, 1897, P. L. 464—18th Amendment, 1919.*

So far as the Act of June 9, 1891, P. L. 257, as amended by the Act of July 30, 1897, P. L. 464, relating to the licensing of distillers, may contemplate or authorize the licensing of the sale at wholesale of intoxicating liquors for beverage purposes it is inconsistent with the 18th Amendment of the National Prohibition Act and is of no effect and void. In so far, however, as it relates to the sale by wholesale, of such liquors for nonbeverage purposes in accordance with the regulations of the National Prohibition Act and its supplements, it is valid and still effective, and must be complied with by any one who desires to make such sale within the State without violating our penal statutes.

Since the adoption of the 18th Amendment and the positive concurrent legislation by Congress and the legislature the law in Pennsylvania relating to the sale of liquors is as follows:

1. No one may lawfully sell vinous, spirituous, malt or brewed liquors for beverage purposes containing one-half of one per centum or more of alcohol by volume. It is forbidden by the 18th Amendment as enforced by the National Prohibition Act.

2. No one may lawfully sell vinous, spirituous, malt, or brewed liquors fit for use for beverage purposes, containing less than one-half of one per centum of alcohol by volume, at retail, in this Commonwealth, unless duly licensed to do so under the provisions of the Act of May 13, 1887, as amended by the Act of May 5, 1921, P. L. 407, (the Woner Act).

3. No one may lawfully sell vinous, spirituous, malt or brewed liquors fit for use for beverage purposes and containing one-half of one per centum or more of alcohol by volume, for nonbeverage purposes, unless he has received a permit from the commissioner of internal revenue, authorizing him to do so, in accordance with the regulations of the National Prohibition Act; and not even

## 222 APPLICATION OF PEN-MAR DISTILLING CO.

then may he do so at wholesale in Pennsylvania until he has applied to the court of quarter sessions of the proper county for a license authorizing such sale, in accordance with the Act of June 9, 1891, aforesaid, as amended, and been found by that court to be a fit person to have such license.

Argued October 24, 1922. Appeal, No. 159, Oct. T., 1922, by applicant, from order and decree of the Q. S. of Franklin County, refusing to grant a wholesale liquor license as a distiller to Pen-Mar Distilling Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Application for wholesale liquor license as distiller. Before GILLAN, P. J.

The opinion of the Superior Court states the case.

The court refused the application. Applicant appealed.

*Error assigned* was the decree of the court.

*Charles Walter*, and with him *Arthur W. Gillan*, for appellant.

No appearance and no printed brief for appellee.

OPINION BY KELLER, J., December 14, 1922:

Appellant duly presented its application to the Court of Quarter Sessions of Franklin County for a distiller's wholesale liquor license under the provisions of the Act of June 9, 1891, P. L. 257, as amended by the Act of July 30, 1897, P. L. 464. The court expressly found that the applicant was a fit corporation to have such license, if license is to be granted, but refused the license, apparently on the ground that it would be in conflict with the act of Congress enforcing the 18th Amendment, known as the Volstead Act (Act of October 28, 1919, C. 85, Barnes Fed. Code Supplement, sections 8351-8353).

The text of the 18th Amendment to the Federal Constitution, proposed by Congress in 1917 and proclaimed as ratified in 1919 (Dec. 19, 1917, January 28, 1919, 40 Stat. at L. 1050, 1941) is as follows:

"Section 1. After one year from the ratification of this article the manufacture, sale or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all territory subject to the jurisdiction thereof for beverage purposes is hereby prohibited.

"Section 2. The Congress and the several states shall have concurrent power to enforce this article by appropriate legislation."

It will be noted that the amendment does not forbid the manufacture, sale, etc., of intoxicating liquors for all purposes but only for beverage purposes.

This is recognized in the National Prohibition Act (The Volstead Act, supra) which expressly provides (Title II, section 3): "......Liquor for nonbeverage purposes and wine for sacramental purposes may be manufactured, purchased, sold, bartered, transported, imported, exported, delivered, furnished and possessed, but only as herein provided, and the commissioner [of Internal Revenue] may, upon application, issue permits therefor......" It further provides (Title II, section 6): "No one shall manufacture, sell, purchase, transport or prescribe any liquor [defined in the act as any spirituous, vinous, malt or fermented liquor, liquids and compounds containing one-half of one per centum or more of alcohol by volume, which are fit for use for beverage purposes], without first obtaining a permit from the commissioner so to do, except that a person may, without a permit, purchase and use liquor for medicinal purposes when prescribed by a physician as herein provided. ......All permits to manufacture, prescribe, sell or transport liquor may be issued for one year and shall expire on the 31st day of December next succeeding the issuance thereof......"

The Supplemental Enforcement Act of Congress of Nov. 23, 1921, C. 134, Barnes Fed. Code Supp., section 8353m provides that no permit shall "be granted authorizing the manufacture of any spirituous liquor, save alcohol, until the amount of such liquor now in distilleries or other bonded warehouses, shall have been reduced to a quantity that in the opinion of the commissioner will, with liquor that may thereafter be manufactured and imported be sufficient to supply the current need thereafter for all nonbeverage purposes." It also provided (section 8353p) that "All laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force when the National Prohibition Act was enacted, shall be and continue in force as to both beverage and nonbeverage liquor, except such provisions of such laws as are directly in conflict with any provisions of the National Prohibition Act or of this act."

There are many other provisions in the National Prohibition Act and its supplement, not necessary to quote, which show that the manufacture and sale of spirituous liquors for nonbeverage purposes are not absolutely forbidden but, on the other hand, that they are contemplated, and are confined to such persons as may be authorized by the proper federal authority under permit legally issued.

The power to enforce the prohibitory amendment is not confided exclusively to Congress: Rhode Island v. Palmer, 263 U. S. 350, 387, 64 L. Ed. 946, 978. The states have concurrent power to do so. They may not nullify the provisions of the National Prohibition Act, but they may enact additional regulations looking to the enforcement of the 18th Amendment; and such regulations if appropriate for the purpose may be sustained as applicable and in force, even though they were enacted prior to the adoption of the 18th Amendment: Vigliotti v. Com. of Penna., 000 U. S. 000, 66 L. Ed. 000, decided April 10, 1922, Adv. ops. May 15, 1922, p. 389. Thus it

was recognized in that case that the Brooks Liquor Law of May 13, 1887, P. L. 108, still survived "as Pennsylvania's own police power method of officially listing and adequately controlling the customary sources of general supply and distribution, to the peoples within her borders, of those kinds of liquors among which intoxicating beverages are usually found, and that she [might] thus assist in prohibiting their illegal use as such," affirming Com. v. Vigliotti, 271 Pa. 10.  The Act of May 13, 1887, supra, specially regulated the sale at retail of vinous, spirituous, malt or brewed liquors, but forbade any sale thereof, except by druggists or apothecaries, without a state license.  Further regulation of the sale of such liquors was effected in this State by the Act of June 9, 1891, supra, as amended by the Act of July 30, 1897, supra, relating to the sale thereof by wholesale.  It limits the sale at wholesale of such liquors to such persons as have applied for a license to the court of quarter sessions, have complied with the laws regulating the same and have been found to be fit perons to whom such license should be granted.  If this law is in force, no one, unless and until he has complied with its provisions and has been licensed in accordance therewith, may sell intoxicating liquors at wholesale for nonbeverage purposes within this Commonwealth, irrespective of any permit to do so issued by the commissioner of internal revenue. The State of Pennsylvania has the right to judge of the fitness of persons who apply for this privilege, in its own way and through its own agents, and is not bound to acquiesce in the judgment of the federal authority in this respect.

We held in Groenner's App., 78 Pa. Superior Ct. 40, that the Act of June 9, 1891, supra, was still in force as to brewers.  We see no reason why it is not equally so as to distillers.

This does not mean that the State has authority to license anybody to sell vinous, spirituous, malt or brewed liquors containing one-half of one per centum or more of

Opinion of Court below. [80 Pa. Superior Ct.

alcohol by volume, at wholesale or retail, for beverage purposes. We have already recognized that "the first section of the amendment, the one embodying prohibition is operative throughout the entire territorial limits of the United States, binds all legislative bodies, courts, public officers and individuals within those limits and invalidates all inconsistent legislation." Com. v. Alderman, 79 Pa. Superior Ct. 277, 280; and the paramount authority of the acts of Congress passed pursuant to and in the enforcement of the 18th Amendment was expressly acknowledged by our state legislature in passing the Woner Act, (May 5, 1921, P. L. 407), no less than by our courts: Plummer's App., 78 Pa. Superior Ct. 28, 39; Com. v. Alderman, supra, p. 280. In so far as the Act of 1891 may contemplate or authorize the licensing of the sale at wholesale of intoxicating liquors for beverage purposes it is inconsistent with the 18th Amendment and the National Prohibition Act and is of no effect and void. In so far, however, as it relates to the sale by wholesale of such liquors for nonbeverage purposes in accordance with the regulations of the National Prohibition Act and its supplement it is valid and still effective, and must be complied with by any one who desires to make such sale within this State without violating our penal statutes.

We may sum up our conclusions on the subject as follows:

1. No one may lawfully sell vinous, spirituous, malt or brewed liquors for beverage purposes containing one-half of one per centum or more of alcohol by volume. It is forbidden by the 18th Amendment as enforced by the National Prohibition Act.

2. No one may lawfully sell vinous, spirituous, malt or brewed liquors fit for use for beverage purposes, containing less than one-half of one per centum of alcohol by volume, at retail, in this Commonwealth, unless duly licensed to do so under the provisions of the Act of May

13, 1887, supra, as amended by the Act of May 5, 1921, P. L. 407, (the Woner Act).

3. No one may lawfully sell vinous, spirituous, malt or brewed liquors fit for use for beverage purposes and containing one-half of one per centum or more of alcohol by volume, for nonbeverage purposes, unless he has received a permit from the commissioner of internal revenue, authorizing him to do so, in accordance with the regulations of the National Prohibition Act; and not even then may he do so at wholesale in Pennsylvania until he has applied to the court of quarter sessions of the proper county for a license authorizing such sale, in accordance with the Act of June 9, 1891, aforesaid, as amended, and been found by that court to be a fit person to have such license.

The license thus to be issued under the Act of 1891 and its amendment does not, since the adoption of the 18th Amendment, authorize the sale of vinous, spirituous, malt or brewed intoxicating liquors for beverage purposes. It does not authorize the sale of such liquors for nonbeverage purposes unless and until the provisions of the National Prohibition Act and its supplement are complied with and a permit authorizing such sale is obtained from the commissioner of internal revenue as therein provided. It amounts to nothing more than a determination by the state's duly constituted authority of the fitness of the applicant to sell such liquors and the state's approval of his right to do so provided he receives legal warrant from the proper federal authority permitting such sale, in accordance with the federal statutes.

The order of the court below is, accordingly, reversed and the record remitted with a procedendo.

HENDERSON, J., dissents.