# Commonwealth *v.* Klein and Goodstein, Appellants.

*Criminal law—Illegal transportation of liquor—Act of May 5, 1921, P. L. 407 (Woner Act), section 20.*

In the trial of an indictment for illegally transporting liquor, a conviction will be sustained, where the Commonwealth produces evidence that the defendants were arrested while removing from a garage an automobile containing a quantity of whiskey which they had agreed to drive to a given destination.

The fact that the automobile had moved but a short distance, when the arrest was made, did not, under the circumstances, permit the conclusion that there was no evidence of transportation. The kind of garage, and the tenure of the storage of the car containing the liquor demonstrated that it was·in course of transportation. When the defendants went to the garage to carry out their agreement to transport the liquor to Johnstown, and for that purpose were entering the car, whether it moved or not, they were engaged in the unlawful transportation of liquor, within the meaning of the statute.

In the trial of such an indictment it was proper to admit in evidence the whiskey seized. The defendants were arrested while committing a crime, and it was proper to take and put in evidence the means by which they were committing it.

Where one is arrested for a crime and attempts to bribe the officer making the arrest, it is not duplicity to name in the same indictment charging the offense, a second count charging conspiracy to bribe.

The Act of May 5, 1921, P. L. 407 (Woner Act), is constitutional.

Argued April 13, 1923. Appeals, Nos. 19 and 23, October T., 1923, by defendants, from judgment of Q. S. Blair Co., June Sessions, 1921, No. 36, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Stanley L. Klein and Harold J. Goodstein. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for unlawfully transporting liquor. Before BALDRIGE, P. J.

552 COMMONWEALTH *v.* KLEIN & GOODSTEIN.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendants appealed.

*Errors assigned* were the charge of the court, answers to points and refusal of defendant's motion to quash the indictment.

*Thomas F. Farrell, Thomas M. Lewis* and *Thomas H. Greevy,* for appellants.

*Marion D. Patterson,* District Attorney, and with him *Frank G. Fisher,* Assistant District Attorney, for appellee.

OPINION BY LINN, J., July 12, 1923:

These appeals will be disposed of in one opinion, as appellants were tried together below and their appeals presented in one argument here. They were convicted of violating section 20 of the Woner Act, 1921, P. L. 407, prohibiting certain transportation of intoxicating liquor.

1. The evidence sustains the verdict. Appellants testified they lived in Wilkes-Barre and arrived by train at Altoona on May 11, 1921, at 4:30 p. m.; that by 5:30 they had agreed with a man they met there, to transport to Johnstown that night for the sum of two hundred dollars 133 bottles of whiskey, then in an automobile in an Altoona garage. About 9:30 they went to the garage (composed of several stalls or compartments, each independent of the others and large enough to contain one car), unlocked the compartment, entered it, and when about to board the car, were arrested. The evidence of the Commonwealth supplies additional circumstances. The police had been advised of the liquor-laden car, and were on the watch and as appellants in the car started out of the garage, the police arrested them and seized the liquor. The car bore New York license tags, but appel-

lants had no New York license; one of them had a Pennsylvania registration card bearing the engine number of the engine of the car they were then driving. There was evidence that the car moved a short distance, but appellants contend that it did not move far enough to constitute transportation within the meaning of the statute; they suggest they were guilty of possession but not of transportation. We cannot adopt appellants' proposition that there was no evidence of transportation. The kind of garage, and the tenure of the storage of the car containing the liquor, show it was in course of transportation; the liquor did not originate in the garage; it was transported there on the way to Johnstown; that transportation, in the circumstances, did not cease by the temporary stop at Altoona. The car was registered in this State as the automobile of one of appellants. When they went to the garage, as they said, to carry out their agreement to transport the liquor to Johnstown, and for that purpose were entering the car, whether it moved or not they were engaged in the unlawful transportation of the liquor within the meaning of the statute.

2. The contention that the 20th section of the Woner Act is unconstitutional, is disposed of in Com. v. Alderman, 79 Pa. Superior Ct. 277; 275 Pa. 483.

3. Appellants contend the seizure of the liquor was illegal and that it was wrong to admit any of it in evidence. As no objection was made to this evidence during the trial we might dismiss the assignment without further notice, but it is not apparent that it was objectionable; the parties were arrested as the verdict establishes, committing a crime; it was proper to take and put in evidence the means by which they were committing it.

4. When appellants were arrested, the evidence shows, a bribe of $100 was given by one of them to one of the officers making the arrest; the first count of the indictment charged conspiracy to bribe; the jury acquitted on the first count and convicted on the second, which charged a violation of the 20th section of the Woner Act.

A motion to quash the indictment for duplicity was made, appellants saying that the offenses though separately charged in separate counts, could not be included in a single indictment. There was no misjoinder of offenses; both were part of the same criminal transaction: Com. v. Schoen, 25 Pa. Superior Ct. 211, 214.

The judgments are affirmed and the records remitted to the court below, and it is ordered that the defendant, Stanley L. Klein, appellant in No. 19, October Term, 1923, and Harold J. Goodstein, appellant in No. 23, October Term, 1923, appear in the court below at such time as they or either of them may there be called and that they severally be by that court committed until each of them has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.