## Commonwealth of Pennsylvania v. One Ford Truck, No. 7375379, in The Possession of Harry Shore and Edson & Co. Claimant, Appellants.

*Criminal law—Intoxicating liquors—Act of March 27, 1923, P. L. 34—Condemnation of motor vehicle used in transportation of liquors.*

In a proceeding to condemn a motor truck used for the illegal transportation of liquor, the provisions of the Act of March 27,

1923, P. L. 34, section 13, providing that in any prosecution when proof has been given in evidence of the transportation of any intoxicating liquor, the same shall be prima facie evidence that the same was so transported, possessed, etc., for beverage purposes, is applicable.

In such case it is not necessary that the illegal liquors be seized while they are actually in the course of transportation in order to support a conviction.

The title of the Act of March 23, 1923, P. L. 34 is sufficient, and the act is constitutional. The act was passed at a time when everyone was presumed to know that traffic in alcoholic liquors was prohibited, except under highly restricted conditions. Traffic involves the actual passing to and fro of persons and vehicles, and the title to the act gives sufficient notice of the prohibitions, penalties and forfeitures in connection therewith.

Under the provisions of section 11, D, VI, relative to the return to innocent owners of vehicles seized while being used for the illegal transportation of intoxicating liquor, either an owner, or one claiming the right of possession, may assert his claim at any time prior to the sale of the vehicle. It is not ownership and right of possession which must be asserted and proved, but either is sufficient if the unlawful use was without the claimant's knowledge or consent. The words "person claiming the ownership of" include an owner who has delivered possession of a vehicle to another on a bailment lease or contract. An owner of a vehicle held by another under a bailment lease or contract may file his claim therefor under section 11, D, VI. The remedy provided for a bailor under subsection B, III, of section 11, is not exclusive.

Where a bailor files his claim for a vehicle under section 11, D, VI, the duty of the court to order it returned to him is not mandatory whenever the unlawful use of the vehicle by another person, without the knowledge or consent of the owner, shall be proven. The language of the section is: "the court may order the same returned to said claimant." The legislative intention was to invest the court with discretion to determine whether the vehicle shall be returned to such a claimant or shall be condemned and ordered sold and the owner remitted to the funds realized from the sale. The remedy of such a claimant is under subsection B, III, unless under the evidence presented in a proceeding for the return of the vehicle his interest therein will not be protected by being remitted to the proceeds of a sale.

Argued October 31, 1924.    Appeal, No. 46, Oct. T., 1924, by Edson & Company, from decree of Q. S. Phila. Co., Dec. T., 1923, No. 1, in the case of Commonwealth of

Pennsylvania v. One Ford Truck, Bearing No. 7375379, in the Possession of Harry Shore and Edson & Co. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Petition for order for the return of Ford truck No. 7375379. Before MCMICHAEL, P. J.

The facts are stated in the opinion of the Superior Court.

The court issued a decree declaring the Ford truck No. 7375379 forfeited for the unlawful transportation of alcoholic liquor, and that said truck be condemned and sold. Claimant appealed.

*Error assigned* was the decree of the court.

*Wilbur F. Whittle,* and with him *Louis Wagner* and *Richard A. Smith,* for appellants.

*Joseph K. Willing,* Assistant District Attorney, and with him *Charles Edwin Fox,* District Attorney, and *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY GAWTHROP, J., March 16, 1925:

The district attorney for Philadelphia County instituted a proceeding under the act of assembly, approved the 27th day of March, A. D. 1923, P. L. 34, for the forfeiture and condemnation of the defendant truck, on the ground that it was being used on September 27, 1923, for the transportation of intoxicating liquor in violation of that act. Edson and Company, appellants, filed an answer admitting that at the time of the seizure of the truck it contained five barrels of alcohol, denying that the liquor was being transported, and averring that they became the owners of the truck by purchase from the Howley Motor Company on July 1, 1923, under and subject to a bailment lease to one Shore, and that on the same day the interest of Howley Motor Company in the

lease was duly assigned to them. The answer averred also that on August 12, 1923, Shore defaulted in the payment of the rent due under the lease and appellants requested the return of the truck. The testimony of the Commonwealth established that the truck was discovered and seized by the police upon a public highway in front of premises 930 Bambrey Street; that it was unattended, the motor was not running and no one was arrested in connection with it. It was also established that appellants were the owners of the truck as set forth in their answer, and that the unlawful use of it was without their knowledge or consent. This appeal is from the order condemning the truck and ordering it sold.

We cannot adopt appellants' first proposition that the evidence was insufficient to establish transportation. The place where the truck and its contents were seized shows that the liquor was in the course of transportation; it did not originate there; it was transported there by somebody, whose manifest purpose was to move it further in the truck. Whether the truck was in motion or not at the instant of the seizure, it was being used in the transportation of liquor within the meaning of the statute. The evidence of transportation is quite as strong as in Klein v. Goodstein, 81 Pa. Superior Ct. 551, in which we sustained a conviction on an indictment charging the defendants with the transportation of liquor.

The second contention is that the evidence does not support a finding that the transportation was unlawful, that is, for beverage purposes. Section 13 of the Act provides: "In any prosecution under this act when proof has been given in evidence of the......transportation, possession......of any intoxicating liquor, the same shall be prima facie evidence that the same was so...... transported, possessed,......for beverage purposes." It is argued that section 13 refers only to the prosecution of a person for violation of the act, that it does not apply to a proceeding in rem for forfeiture and condemnation

of property, and that therefore the rule as to the prima facie of the evidence applies only in the former case. We find no warrant for such a limitation upon the word "prosecution" as used in the section. We think it comprehends a proceeding in rem for the forfeiture and condemnation of property, as well as a proceeding against the person by information and indictment. Both proceedings are in the court of quarter sessions at the suit of the Commonwealth. It follows that the evidence of transportation made a prima facie case for the Commonwealth and warranted a finding that the transportation was for beverage purposes.

The third question raised is whether the provisions of the act for the condemnation of vehicles used in transporting intoxicating liquor can be sustained under the constitutional requirement that the subject of an act shall be clearly expressed in its title. The title is as follows: "An Act concerning alcoholic liquors; prohibiting the manufacture, advertising, furnishing, traffic in, and possession of intoxicating liquors for beverage purposes, and articles and substances designed or intended for use in the manufacture thereof; defining intoxicating liquor; providing for penalties, forfeitures, and the abatement of nuisances; and repealing existing alcoholic liquor laws and alcoholic liquor license laws." Although this is a penal statute, the attitude of the courts must not be one of hostility where its constitutionality is attacked. Every presumption is in its favor and objections to its constitutionality must clearly appear. The title clearly expresses a purpose to prohibit the "traffic in" intoxicating liquor for beverage purposes. The word "traffic" primarily conveys the idea of bartering, buying and selling, or dealing in, of which transportation is an incident. But it has also the narrower meaning of transportation itself. The Century Dictionary gives the following definition of traffic: "The coming and going of persons or transportation of goods along a line of travel, as on a road, canal or steamship

route." Webster's International Dictionary defines it: "The passing to and fro of persons, animals, vehicles or vessels along a route of transportation." Funk and Wagnall's Dictionary states: "Traffic involves the actual passing to and fro of persons or commodities." The act was passed at a time when everyone is presumed to know that traffic in alcoholic liquors is prohibited, except under highly restricted conditions. We are not prepared to hold that a title to an act, which expressly prohibits the traffic in intoxicating liquors for beverage purposes, does not comprehend the transportation of the same. We regard it sufficient to cover that subject.

Lastly it is urged by appellants that under the provisions of section 11, D, VI, of the Act of 1923, the truck should have been returned to them. Section 11 describes the procedure for the forfeiture and condemnation, inter alia, of vehicles used in the transportation of intoxicating liquors. It provides for the filing of a petition by the Commonwealth in the court of quarter sessions, praying for an order of forfeiture and condemnation of the vehicle and the sale thereof, with certain exceptions. The proceeding is in rem, the Commonwealth being the plaintiff and the property the defendant. It is familiar law that "when the thing is inculpated under an in rem statutory provision, it may be forfeited, although the act which caused the forfeiture was not done by or with the consent or knowledge of the owner": 25 Corpus Juris, par. 47, pg. 1171, and cases cited; notes in L. R. A. 1916 E. 343. But forfeitures are not favored in the law. The courts always incline against them. The manifest purpose of the legislature when it enacted the law of 1923 was to protect and save the rights of innocent persons having certain relations to vehicles used for the unlawful transportation of intoxicating liquor. That purpose is expressed in section 11, D, VI, as follows: "Any person claiming the ownership of, or right of possession to, any intoxicating liquor, vehicle.......or other property, the disposition of which is provided for in this section, may,

at any time prior to the sale thereof, present his petition to the court, alleging his lawful ownership thereof or right of possession thereto, and, if upon public hearing thereon......such claimant shall prove by competent evidence to the satisfaction of the court that said intoxicating liquor, vehicle......or property was lawfully acquired, possessed, and used by him, or, if it appearing that the property was unlawfully used by a person other than the claimant, he shall prove that such unlawful use was without his knowledge or consent, then the court may order the same return to said claimant, otherwise, it shall be destroyed or sold (as the case be) as hereinabove provided." This section permits either an owner or one claiming the right of possession of the vehicle to assert his claim of ownership or right of possession at any time prior to the sale thereof. It is not ownership *and* right of possession which must be asserted and proved, but either is sufficient if the unlawful use was without the claimant's knowledge or consent. The words "person claiming the ownership of" by no means exclude an owner who has delivered possession of a vehicle to another on a bailment lease or contract. Such a bailor is an owner. He has title to the vehicle against the world. The Commonwealth urges that the claimants' only remedy is provided by section 11, B, III. That was the view of the learned judge of the court below, who decided that the remedy given to a bailor by subsection B, III, is exclusive and that he must look to the proceeds of the sale rather than to the vehicle itself. Subsection B, III, provides that in the event that any vehicle seized under the provisions of the act is "held and possessed under a bailment lease or contract, and the legal title thereto is in another person who shall prove that the unlawful use thereof was without his knowledge or consent, then the claim of the bailor for money due under said bailment lease or contract shall attach to and be paid out of the funds derived from said sale."

We do not so interpret the act. In the light of the manifest intention of the legislature to save the rights of a person who proves his ownership, or right of possession, of a vehicle being used for the illegal transportation of liquor and that such use was without his knowledge or consent, the act should be construed, if it can be done, so as to effectuate fully that purpose. An interpretation should be given to each section which will, if possible, harmonize it with the other sections, thus giving effect to all of them. It is obvious that the language of section 11, D, VI, is sufficiently broad to include bailors. It is equally clear that that section refers only to the rights of claimants prior to the sale of the property. If there has been a sale no claim can be filed under it. But by section 11, B, III, an additional remedy is given to an owner who has delivered the vehicle to another under a bailment lease or contract. In such circumstances the claim of a bailor, who proves that the unlawful use of the vehicle was without his knowledge or consent, attaches to and shall be paid out of the funds derived from the sale, and he may be paid at any time before the proceeds of the sale has been paid to the county treasurer for the use of the county. The remedies provided by subsections B, III, and D, VI, of section 11 are not inconsistent or in conflict. The Commonwealth argues that the legislature took notice of the fact that very many, if not most, automobiles are bought on installment leases, and that subsection B, III, was inserted in the act to reach that class of bailments only, in which the ultimate purpose is to effect a sale, and in which the amount of the rental approximates the purchase price of the vehicle. That contention is supported by the opinions of some of the judges of the lower courts, although many others have decided to the contrary. We think it is unsound. This subsection does not apply only to automobiles. The words are "vehicle, team, conveyance or craft." The words "held under a bailment lease or contract" comprehend every bailment lease or con-

tract whether or not a sale is contemplated.   There is no warrant for holding that the words were used in the limited sense contended.   The legislature did not classify bailments, giving to one class the right to the return of the vehicle and to another class a lien on the fund derived from the sale thereof.   If the effective enforcement of the laws regulating alcoholic liquors requires a classification of bailments, it must be done by the legislative branch of the Commonwealth.    To limit the application of subsection B, III, to bailments in which a sale is provided for and to deprive such a bailor of the rights conferred by the broad language of subsection D, VI, amounts to nothing less than judicial legislation, in the interest of the Commonwealth to the utter disregard of the rights of property of the innocent citizen whom, by the plain mandate of the statute, the legislature undertook to protect.   Our conclusion that this act should be interpreted liberally in favor of innocent owners is in harmony with the decisions in the federal courts under the National Prohibition Act.   That act does not touch the question of bailment leases of contracts, but it protects persons having a lien under a chattel mortgage or a conditional sale contract, by providing that if such lienor shall prove that his lien is bona fide and was created without his having any knowledge that the vehicle was being used or was to be used for the illegal transportation of liquor, he shall be entitled to have his lien satisfied out of the proceeds derived from the sale thereof.   Notwithstanding that there is no direct provision for the return of a vehicle to a lienor, the federal courts have held that "if in the opinion of the court the property will not sell for enough at forced sale to satisfy the claim of the vendor, no sale should be ordered and the property should be restored absolutely and unconditionally to the owner": Jackson v. U. S., 295 Fed. 620, following U. S. v. Sylvester, 273 Fed. 253.   To the same effect is U. S. v. Smith and Carlow, 295 Fed. 264.

Under the Act of 1923, while an owner of a vehicle held by another under a bailment lease or contract may file his claim therefor under section 11, D, VI, the duty of the court to order it returned to such a claimant is not mandatory whenever he shall prove that the unlawful use thereof by another person was without his knowledge or consent. The language of the section is: "The court may order the same returned to said claimant." After the fullest consideration of the statute, we are constrained to hold that the legislative intention was to invest the court with discretion to determine whether the vehicle shall be returned to such a claimant, or shall be condemned and ordered sold and the owner remitted to the fund realized from the sale. Apparently the legislature recognized that in certain circumstances such a claimant will not be fully protected if he is compelled to look to the proceeds of the sale of the vehicle under section 11, B, III, and for that reason provided in subsection D, VI, that the court "may" order the vehicle returned to him. We think that the meaning of the act is that the remedy of such a claimant is under subsection B, III, unless, under the evidence presented on a proceeding for the return of the vehicle, his interest therein will not be protected by being remitted to the proceeds of a sale. In that event no sale should be ordered and the vehicle should be returned to him. This record discloses no satisfactory reason for returning the truck to the claimants. Therefore, it was not error to condemn it and order it to be sold.

All of the assignments of error are overruled and the judgment is affirmed.

Judge TREXLER concurs in the judgment but holds that the exclusive remedy of a bailor is under subsection B, III, of section 11 of the Act of 1923.