## Commonwealth of Pennsylvania *v.* One Ford Truck, of Walter Goessel, Appellant.

*Criminal law—Intoxicating liquor—Sale and transportation— Condemnation of vehicle used in transportation—Act of March 27, 1923, P. L. 34.*

On a petition for the condemnation and forfeiture of a truck, alleged to be used in the unlawful transportation of intoxicating liquor, the records showed that a copy of the petition was served personally on the respondent on May 26, 1924. The copy of the petition was endorsed with the form of notice prescribed by the Act of 1923, to the effect that he was requested to file an answer to the petition setting forth his title within fifteen days from the service thereof. It contained the further notice that the hearing upon the petition would be held in court room No. 296, City Hall, Philadelphia, on the 12th day of June, 1924.

The appellant failed to file an answer before the hearing. When the case was called he offered to file an answer which averred that he was the owner of the truck, that the liquor which was being conveyed therein was not intoxicating liquor, and that, therefore, the truck was not being used in violation of law. The court refused to permit the answer to be filed, because more than fifteen days had elapsed since the service of the petition on the appellant. On the allegations of the petition and proof of service thereof and notice to file an answer, an order was made condemning the truck and ordering it to be sold. It further appeared that the petition did not aver that the transportation of intoxicating liquor took

place in Philadelphia County, or even in the State of Pennsylvania.

*Held*, as the appellant offered no valid excuse for his failure to file an answer within the time prescribed, the court did not err in refusing to permit an answer to be filed when it was offered.

Under the provisions of section 11 D 1 of the Act of 1923, it is required that the petition shall contain a statement of the place where the property was seized. Where the petition fails to contain any averment of the place of seizure the record is insufficient to support the order, and the truck must be returned unless the Commonwealth files a new petition containing the essential averments.

Argued October 31, 1924. Appeal, No. 225, Oct. T., 1924, by Walter Goessel, from judgment of Q. S. Phila. Co., May Sessions, 1924, No. 288, in the case of Commonwealth of Pennsylvania v. One Ford Truck, and 13 Cases of Unlabeled Beer in the Possession of Walter Goessel, Walter Goessel, Appellant. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Petition for condemnation of motor truck. Before GORDON, J.

The facts are stated in the opinion of the Superior Court.

The court directed the condemnation of the truck and the destruction of the liquors. Walter Goessel appealed.

*Error assigned* was the decree of the court.

*Nathaniel Speck*, and with him *Clinton A. Sowers*, for appellant.

*Joseph K. Willing* and *Charles Edwin Fox*, Assistant District Attorneys, and with them *Samuel P. Rotan*, District Attorney, for appellee.

OPINION BY GAWTHROP, J., May 4, 1925:

On May 21, 1924, the district attorney of Philadelphia County filed a petition for the forfeiture and condem-

nation of the defendant truck, alleging that it was seized while it was being used for the unlawful transportation of intoxicating liquor, in violation of the provisions of the Act of March 27, 1923, P. L. 34.  The record shows that a copy of the petition was served personally on the appellant in the City of Philadelphia on May 26, 1924. The copy of the petition was endorsed with the form of notice prescribed by the Act of 1923 as follows: "To the claimant of the within described property—You are required to file an answer to this petition setting forth your title in, and right of possession of said property within fifteen days from the service hereof; and you are also notified that, if you fail to file an answer, a decree of forfeiture and condemnation will be entered against the said property."  It contained the further notice that a hearing upon the petition would be held in Court Room No. 296, City Hall, on the 12th day of June, 1924.  The appellant failed to file an answer before the hearing. When the case was called he offered to file an answer which averred that he was the owner of the truck, that the liquor which was being conveyed therein was not intoxicating liquor, and that therefore the truck was not being used in violation of law.  The court refused to permit the answer to be filed, because more than fifteen days had elapsed since the service of the petition on the appellant.  On the allegations of the petition and proof of service thereof and notice to file an answer, an order was made condemning the truck and ordering it to be sold.

The appellant contends that the act does not provide that a decree of forfeiture and condemnation may be entered upon the failure of the claimant to file an answer within fifteen days of the service of the petition upon him.  A careful examination of the act constrains us to hold that the legislature made a distinction between the case in which an answer is filed in compliance with the terms of the notice required to be endorsed upon the petition and that in which no answer has been

filed in compliance therewith.    In the latter case no hearing is necessary, and the effect of the terms of the act is to authorize the court to enter a decree of forfeiture and condemnation of the property after the expiration of fifteen days from the service of the petition upon the claimant.    As the appellant offered no valid excuse for his failure to file an answer within the time prescribed, we cannot say that the court erred in refusing to permit the answer to be filed when it was offered.

The second contention of the appellant is that it was error to make the order, because the petition did not aver that the transportation of intoxicating liquor took place in Philadelphia County, or even in the State of Pennsylvania.    This contention must be sustained.    Section 11, D, I, of the Act of 1923, which describes the proceedings for the forfeiture and condemnation, provides that the petition shall contain a statement of the place where the property was seized.    An examination of the petition filed in this case discloses the absence of any averment of the place of the seizure.    As the order is based upon the petition alone, and lacks this essential averment, the record is insufficient to support the order.    Unless the Commonwealth files a new petition containing the essential averments the appellant may by proper proceedings secure the return of the truck.

The second assignment is sustained and the judgment is reversed.