# Commonwealth, Appellant, *v.* Reo Speed Wagon.

*Criminal law—Intoxicating liquors—Act of March 27, 1923, P. L. 34—Condemnation of motor vehicle used in transportation of liquors—Evidence.*

Where in a proceeding to condemn a motor truck used for the illicit transportation of liquor under the Act of March 27, 1923, P. L. 34 the petition and notice to answer was served upon the owner of the truck, and the owner failed to answer, it is the duty of the court to make the order prayed for in the petition.

The fact that the truck was backed up against the loading platform of a brewery loaded with beer, shows that the liquor was in the course of transportation; it was transported there by somebody, whose manifest purpose was to move it farther in the truck. Whether the truck was in motion or not at the instant of the seizure, it was being used in the transportation of liquor within the meaning of the Act of 1923.

Under the provision of sub-section "D" clause VII of Section 11, the determination of the judge after the hearing is not conclusive and either party has a right to demand a jury trial, or, if a jury trial is not desired, to cause the determination of the court to be reviewed upon appeal.

In a proceeding of this character it is not necessary for the Commonwealth to establish the facts warranting a forfeiture beyond a reasonable doubt, a clear preponderance of the evidence is all that is required.

Argued November 19, 1925. Appeal No. 90, April T., 1925, by the Commonwealth from the decree of Q. S. Somerset County, February Sessions 1925, No. 4 in the case of Commonwealth of Pennsylvania v. Reo Speed Wagon. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Proceeding to condemn a motor truck used for the illegal transportation of liquor under the Act of March 27, 1923, P. L. 34. Before BERKEY, P. J.

The facts are stated in the opinion of the Superior Court.

The petition was dismissed. Commonwealth appealed.

*Error assigned,* among others, was the decree of the Court.

*P. G. Cober,* District Attorney and with him *George W. Woodruff,* Attorney General, and *Louis E. Graham,* Deputy Attorney General, for the appellant

No appearance and no printed brief for the appellee.

OPINION BY PORTER, J., December 14, 1925:

This is a proceeding in rem for the forfeiture, condemnation and sale of a Reo Speed Wagon, which had been seized when loaded with intoxicating liquor, under the authority of the Act of March 27, 1923, P. L. 34. The district attorney of Somerset County presented his petition, duly verified by his affidavit, to the court below, which petition contained a description of the vehicle seized; a statement of the time and place where seized; the name of the owner of the vehicle; the name of the person in possession, alleging that the same had been used in violation of the statute, in the transportation of intoxicating liquor; and prayed for an order of forfeiture—that the vehicle be adjudged forfeited to the Commonwealth and condemned and ordered to be sold. There was indorsed upon the petition a notice to John Thomas, the owner of the vehicle, that he was required to file an answer to the petition within fifteen days from the service thereof; and that if he failed to file said answer, a decree of forfeiture and condemnation would be entered against the property. This notice was in the precise language required by sub-section D, clause 2 of the 11th section of the Act of 1923. The petition and notice in every respect complied with the provisions of the statute. A copy of this petition, with the notice thereon indorsed, was served upon John Thomas, the owner of the vehicle, by the sheriff of Somerset County, who duly made a return of said service to the court. John Thomas, the owner of car, did not file an answer; he never has asked leave to file an answer; nor did he make any attempt to present evidence in the court below. With the record in this

condition there was no necessity for a hearing, the provisions of the statute clearly indicated the duty of the court to make the order prayed for by the district attorney. The failure of the court to proceed in the manner by the statute indicated was erroneous, and for this reason the decree of the court should be reversed; Commonwealth v. One Ford Truck, 85 Pa. Superior Ct. 185.

The learned judge of the court below having required the Commonwealth to go into a hearing and submit evidence, witnesses were produced who testified as to the circumstances under which the truck was seized. Two members of the state police testified that they went in the discharge of their duty to the Jenners Brewery, in the County of Somerset, and there found a fleet of six motor trucks all loaded with beer, in barrels and half barrels, which liquor was analyzed and showed an alcoholic content of $4\frac{1}{2}\%$ by volume. One of the trucks was just moving away from the loading platform and out the gate of the brewery, the other five trucks, including the Reo Speed Wagon here involved, were backed up against the loading platform of the brewery, and all were loaded with beer, which contained $4\frac{1}{2}\%$ of alcohol by volume. The owner of the truck in question was present and attempted to flee, but was apprehended by one of the officers and subsequently tried and convicted. This testimony was uncontradicted. The learned judge of the court below filed an opinion stating, in substance, that while the evidence showed that the truck was standing at the loading platform of the brewery and was "loaded with four barrels and two half barrels of beer which tested 4.50% of alcohol by volume," this was all that it did disclose, and that this was insufficient to establish that the truck was used in the transportation of liquor. Being of this opinion the court dismissed the petition of the district attorney and ordered that the costs be

paid by the County of Somerset. Even if the court had been correct in holding that the Commonwealth must go into a hearing and produce evidence, the owner of the truck having failed to file an answer, the conclusion at which the court arrived upon the effect of the evidence produced by the Commonwealth, cannot be sustained. The beer had not been produced in the truck, there can be no doubt that it was placed there by some person. Transportation, in its course, naturally includes various stages. The moment the movement commences from the place where the beer is stored in the brewery to some place outside the brewery premises, the transportation has begun. Those who carry the barrels or wheel them in a hand truck, from the place of storage to the outside of the building and there place them upon a truck are engaged in transportation, as is the vehicle in which they place them and every other vehicle used in carrying them to the ultimate destination. The circumstances in which this truck and its contents were seized show that the liquor was in the course of transportation, it did not originate in the truck; "it was transported there by somebody, whose manifest purpose was to move it further in the truck." "Whether the truck was in motion or not at the instant of the seizure, it was being used in the transportation of liquor within the meaning of the statute;" Commonwealth v. One Ford Truck, 85 Pa. Superior Ct. 191; Commonwealth v. Klein, 81 Pa. Superior Ct. 551. This is a proceeding in rem, the truck by the very terms of the statute is the defendant. The proceeding not being technically a criminal one, the legislature saw fit to provide by sub-section D clause VII of section 11 that "either the Commonwealth or the claimant" should have the right to demand a jury trial within five days after the conclusion of the hearing. The determination of the judge, therefore, after the hearing, is not conclusive, and either party has a

right to demand a jury trial, or, if a jury trial is not desired, to cause the determination of the court to be reviewed upon appeal; in a proceeding of this character it is not necessary for the Commonwealth to establish the facts warranting a forfeiture beyond a reasonable doubt, a clear preponderance of the evidence is all that is required. The uncontradicted evidence and the facts as found by the court should have resulted in a decree that the vehicle was forfeited to the Commonwealth, and that it be condemned and ordered to be sold.

The decree is reversed and the record remitted for further proceedings.