## Commonwealth v. One Buick Roadster.

*Liquor law — Seizure of automobile — Disposition of proceeds of sale — Lien—Chattel mortgagee not a bailor—Foreign chattel mortgage—Act of May 27, 1923—Bailment lease—Comity.*

1. The funds derived from the sale of an automobile used in the unlawful transportation of liquor will not be awarded to a chattel mortgagee from another state.

2. The mortgagee of an automobile is not such a bailor as may recover the fund derived from the sale of an automobile under section 11, paragraph B, clause 3, of the Act of May 27, 1923, P. L. 34.

3. The Federal Prohibition Enforcement Act will protect a lien creditor, but the statutes of Pennsylvania do not extend so far.

4. A chattel mortgage created in the State of Ohio will not be held by comity to be a contract of bailment in the State of Pennsylvania, as it would only create a lien in the county in Ohio in which it was recorded; the grounds of comity will give it no greater force.

Petition of chattel mortgagee for award of funds in the hands of the sheriff realized from the sale of an automobile used in the unlawful transportation of liquor. Q. S. Butler Co., Sept. T., 1925, Misc. Docket No. 4.

*Brandon & Brandon*, for claimant.

*Thomas W. Watson*, District Attorney, for Commonwealth.

HENNINGER, P. J., Nov. 19, 1925.—The proceeds of an automobile, a Buick roadster, are in court for distribution. The automobile was seized while in its owner's possession and being used to unlawfully transport intoxicating liquor for beverage purposes. Section 11 of the Act of May 27, 1923, P. L. 34, provides as follows: "Upon a transportation of intoxicating liquor in violation of this act, the wagon, buggy, team, motor-vehicle or other vehicle in which it is so transported shall be forfeited to the Commonwealth." Under the said act the automobile was seized, adjudged forfeited and sold by the sheriff.

Section 11, paragraph B, of said act provides: "That the proceeds of such sale be paid to the County Treasurer for the use of the County." Under this provision the County of Butler, through its treasurer, claims the fund.

The General Motors Acceptance Company, of Cleveland, Ohio, holds a chattel mortgage on the automobile, dated April 6, 1925, and recorded in Lorain County, Ohio. As mortgagee under the said mortgage, the General Motors Acceptance Company claims the fund and contends that it is entitled thereto under section 11, paragraph B, clause 3, of said act, which reads, in part, as follows: "In the event that any such vehicle is, when so seized, held and possessed under a bailment lease or contract and the legal title thereto is in another person, who shall prove that the unlawful use for which the same was seized was without his knowledge or consent, then the claim of the bailor for money due under said bailment lease or contract shall attach to and be paid out of the fund derived from said sale after payment of costs.

The General Motors Acceptance Company offered proof that the unlawful use for which the car was seized was without its knowledge or consent, and contends that that entitles it to the funds.

The action of forfeiture, from seizure to sale, is strictly *in rem*. The forfeiture is absolute as to every right, title or claim therein and thereto, except only owners out of possession who have no knowledge of the unlawful use. The interests of mortgagees and other creditors are not protected. Two classes of owners out of possession are protected. The first by section 11, paragraph D, clause 6, which provides for the return of the automobile upon

proof it had been lawfully acquired and possessed by the owner and that the unlawful use was without the owner's knowledge or consent. The General Motors Acceptance Company does not contend that it comes under this provision. The other class of owners out of possession protected is protected by section 11, paragraph B, clause 3. Owners out of possession who have parted with the possession by bailment lease or bailment contract. They may participate in the funds unless the unlawful use was with their knowledge or consent. A literal reading of this act would confine a bailor's remedy exclusively to the fund, but the proper construction clothes a bailor with the right to claim the automobile itself if the fund would not be complete protection: Com. v. One Ford Truck, 85 Pa. Superior Ct. 185.

Acts of forfeiture are [not] liberally construed, because equity abhors forfeitures. Where, however, forfeitures are general and in plain terms, they are enforced both in law and equity. Where acts of forfeiture contain saving clauses, the saving clauses are construed strictly. In order that the General Motors Acceptance Company may participate in the fund, it must be an owner in the sense that the act of assembly used the word "bailor." By no stretch of the imagination or liberality of construction may a mortgagee be classified as a bailor, having parted with his possession by bailment lease or bailment contract. Liberality of construction could not extend that far. Nothing short of judicial legislation could bring a chattel mortgagee within the purview of the protection claimed. The Federal Prohibition Enforcement Act and many of the State enforcement acts protect owners and lien creditors. Our act does not go that far. It must be presumed that the legislature had in mind mortgagees and creditors and refused to afford them the protection afforded a bailor. The legislative intent, as gathered from the reading of the act, is extremely clear. The act is a law enforcement act, founded upon the police powers of the State. The forfeiture provided for is in aid of law enforcement; in substance, part of the penalty imposed. It must not be so construed as to fritter away the very purpose of its creation, the object being to deter the owners and possessors of automobiles from violating the law. The more interests protected, the less effective the act becomes. If, when an automobile is seized and forfeited to the Commonwealth, creditors of the owner may claim the funds, the act would indirectly create a lien that never before existed and would operate against the clear intendment of the act. A mortgagee out of possession does not come within the class protected by the act. No person but a bailor may compete with the Commonwealth for the fund. The mere fact that the General Motors Acceptance Company is not a bailor excludes it from participating. A chattel mortgage, executed and delivered in the State of Pennsylvania, could not claim the fund, and no reason exists why a chattel mortgage executed in another state should enjoy any greater or superior rights.

It is contended that a chattel mortgagee of the State of Ohio should be classed as a bailor in the State of Pennsylvania by reason of state comity, but we fail to see any force in that contention. Comity means courtesy. It is not a matter of obligation on one hand or mere courtesy on the other. It is not a rule of law, but a rule of expediency and convenience. It grants to citizens of a sister state the rights they would be accorded in their home state. It enforces contracts valid in the state where made, but invalid in the state of the forum. State comity, however, has its limitations. No greater rights will be accorded under it than could be demanded at home, and no contract will be enforced if its enforcement conflicts with public policy, inflicts injury, is prejudicial to the state's interest or encourages crime. To allow

the claim of the General Motors Acceptance Company, we must find that its claim would be allowed in the courts of Ohio under like circumstances; that it is not against the public policy of the State of Pennsylvania; and that it does not encourage the violation of the laws of Pennsylvania.

The laws of Ohio providing for the recording of chattel mortgages have been offered in evidence, but no laws protecting the rights of a chattel mortgagee to participate in funds of forfeited property forfeited for the violation of law. We may assume that in the county where the mortgage is recorded the mortgagee would participate in the funds, but we may not assume that such right exists in any other part of the State of Ohio. Where a contract of a sister state is in issue, the laws of that state must be plead and proven, otherwise we must assume that the laws are the same as of our State and apply our own laws. Therefore, the lien of a mortgage does not extend beyond the boundaries of the county in which it is recorded. If the mortgagee, the General Motors Acceptance Company, may not claim the funds in all parts of the State of Ohio, it may not claim them in Pennsylvania on the ground of state comity. If it did, the State of Pennsylvania would be granting it greater rights than it enjoys at home. Such a result is never accomplished by state comity. Until it is shown that under the contract the General Motors Acceptance Company would be entitled to claim the funds of a forfeited automobile, forfeited by reason of a violation of law, in any part of the State of Ohio, we have no basis to apply state comity to its claim here. This has not been done.

In our opinion, it is clearly against public policy to recognize the claim of the General Motors Acceptance Company under the circumstances of this case. Also, that it would be against the interest of the State of Pennsylvania to do so and would encourage the violation of our laws. The forfeiture is in favor of the Commonwealth, and the claim of the General Motors Acceptance Company is against the interest of the State. The forfeiture is part of the penal law of Pennsylvania, and anything that affects the punishment of crime encourages crime.

A careful examination of all the evidence submitted in this case has led us to the conclusion that the claim of the General Motors Acceptance Company must be denied and the fund awarded to the County of Butler.

From Thomas H. Greer, Butler, Pa.