## Commonwealth, Appellant, *v.* Reo Speed Wagon.

*Criminal law—Intoxicating liquor—Transportation—Forfeiture and condemnation of vehicle used in transportation—Procedure— Petition for forfeiture—Sheriff's return—Regularity—Presumption— Answer—Act of March 27, 1923, P. L. 34, section 11 (D) (I, II, VI).*

On petition for forfeiture and condemnation of a motor truck under the Act of March 27, 1923, P. L. 34, section 11, (D) (I), the record disclosed that no answer to the petition was filed by the claimant of the truck. The court dismissed the petition on the ground that the return of the sheriff did not sufficiently show service upon the claimant of the notice required by section 11 (D) (II) of the Act. Later, on petition (under section 11 (D) (VI) of the act) the court granted the claimant a hearing when he showed conclusively that the unlawful use of his property was without his knowledge. Claimant offered no justification for his disregard of the process of the court in failing to file an answer to the petition for forfeiture, nor did he at any time claim that the statutory notice was not, in fact, endorsed upon the copy of the petition handed him by the sheriff. The district attorney renewed his motion for a decree of forfeiture and condemnation. The court dismissed the motion.

Under such circumstances, the motion for a decree of forfeiture should have been granted and the claimant remitted to his remedy of having it opened upon showing substantial reasons for his failure to file an answer, or remanded to the exercise of his rights under sub-section VII of clause (D) section 11.

Where, however, the claimant has conclusively established his case upon its merits, so that justice would require the opening of a decree entered in default of an answer, a decree dismissing the

petition for forfeiture and condemnation will be affirmed, notwithstanding such errors in procedure.

A sheriff's return, correct upon its face, raises a presumption that the copy served had endorsed upon it the required statutory notice and is conclusive, in the absence of proof that such notice was not in fact endorsed thereon.

Where a claimant fails to file any answer, in obedience to the statutory notice, no hearing is necessary and the effect of the terms of the act is to authorize the court to enter a decree of forfeiture and condemnation of the property after the expiration of 15 days from service of the petition on claimant.

Subsection VI clause (D) sec. 11 of the Act providing that one claiming ownership of seized property, may at any time prior to the sale present his petition to the court, and, upon hearing, prove the unlawful use to have been without his knowledge, was not intended to apply to a claimant against whom proceedings having been instituted, and upon whom a petition with the statutory notice endorsed thereon has been served.

GAWTHROP, J., dissents.

Argued April 11, 1927. Appeal No. 180, April T., 1927, by Commonwealth of Pennsylvania from decree of Q. S. Somerset County, February Sessions, 1925, No. 82, in the case of Commonwealth of Pennsylvania v. Reo Speed Wagon. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Petition for forfeiture and condemnation of motor vehicle. Before BERKEY, P. J.

The opinion of the Superior Court states the facts.

The court dismissed the petition. Commonwealth appealed.

*Error assigned* was the decree of the court.

*P. G. Cober,* District Attorney, for appellant.—A decree of forfeiture should have been granted: Keystone Telephone Co. v. Diggs, 69 Pa. Superior Ct. 299; Flaccus Leather Co. v. Heasley, 50 Pa. Superior Ct. 127; Miller Paper Co. v. Keystone Coal & Coke

Co., 267 Pa. 180; Siegfried et al. v. Gerli & Co., 20 Lack. 352; Com. v. Reo Speed Wagon, 87 Pa. Superior Ct. 38; Com. of Pa. v. One Ford Truck, 85 Pa. Superior Ct. 185.

*Norman T. Boose,* and with him *Budd B. Boose,* of *Boose & Boose,* for appellee.

OPINION BY CUNNINGHAM, J., July 8, 1927:

This is a proceeding in rem by which the Commonwealth seeks to obtain, under the Act of March 27, 1923, P. L. 34, the forfeiture, condemnation and sale of a certain motor vehicle, owned by Lloyd Miller, upon the ground that it had been used with his knowledge and consent by Millard Goe, Ernest Peck and Arthur Peck for the illegal transportation of intoxicating liquor, and the appeal is by the Commonwealth from a decree of the Court of Quarter Sessions of Somerset County dismissing its petition for forfeiture and condemnation. The record discloses several irregularities in procedure which, in the interest of uniformity in the construction and enforcement of the act, cannot be permitted to pass unnoticed; but as we are of opinion that the court below reached a correct conclusion upon the merits of the case a majority of the members of this court have concluded that the decree should be affirmed notwithstanding the errors in procedure. It will be sufficient, in view of all the circumstances, to indicate the practice which in our opinion should have been adopted.

In the consideration and disposition of cases arising under this act it is important to remember that the Legislature has declared in its first section that it is an exercise of the power granted by the Eighteenth Amendment to the Constitution of the United States and an exercise of the police power of this Commonwealth for the protection of the public welfare, health,

peace, safety and morals of our people and that "all of its provisions shall be liberally construed"—not for the benefit of alleged violators but "for the accomplishment of these purposes."

On January 31, 1925, the sheriff of Somerset County seized, under section 9 of the act, the defendant motor truck on a public highway, about eight miles in length, leading from the village of Bakersville to the borough of Somerset. At the time of the seizure Millard Goe was driving the truck and Ernest Peck and his brother, Arthur Peck, were riding with the driver. Concealed in the truck were six kegs of moonshine whiskey. The sheriff took possession of the liquor and vehicle and arrested the three men, who were duly indicted and entered pleas of guilty to the offense of unlawfully transporting and possessing intoxicating liquor for beverage purposes. The truck and liquor were delivered into the possession of the district attorney. On the evening of the same day the owner, Lloyd Miller, gave bond under the provisions of said section and secured the return to him of the conveyance. At the hearing hereinafter referred to, the burden, under the circumstances of the seizure, was upon the owner to show that the unlawful use of his truck "was without his knowledge or consent." Upon a review of the testimony we are satisfied that he successfully met this requirement. The evidence showed that Miller at the time of the occurrence was a merchant conducting a general store at Bakersville and that Goe, his nephew, was employed by him as a clerk and to drive the truck in question. On the Saturday upon which the seizure occurred Miller had directed Goe to obtain at a grist mill about a quarter of a mile distant from the store a quantity of flour in sacks, bring it to the store and then go to Somerset for a load of salt and oyster shells. About the middle of the afternoon Goe drove the truck to the mill and there met the Peck brothers,

who then had the six kegs of moonshine liquor in a sled. Goe testified that the Peck boys asked him whether he was going to Somerset and when he replied in the affirmative offered to pay him $10 to "haul the stuff in for them." The kegs of liquor were transferred from the sled to the truck and concealed by means of straw and several empty egg crates. The flour was then loaded on the truck which was driven by Goe, accompanied by the Peck boys, to the back door of the store of Miller where the flour was unloaded and the three men started with the truck toward Somerset. Goe testified positively that he had no conversation with his uncle and employer, Miller, after the time he received his orders to go to the mill and then to Somerset; that he, Goe, had no previous arrangements with the Peck boys and knew nothing about the proposal to transport the liquor until he met them at the mill; that he had no conversation with Miller when he delivered the flour at the store; and that his employer had no knowledge whatsoever of the loading of the liquor upon the truck. Goe was corroborated by Ernest Peck and it was shown that his brother, Arthur Peck, could not be found at the time of the hearing. Miller, the owner, testified that he had no knowledge of the fact that any liquor had been placed in the truck until he was notified from the sheriff's office that the truck had been seized and his nephew arrested. It was shown that one of the Peck boys had visited Miller's store in the afternoon to purchase cigarettes and there was some conflict in the testimony as to whether one of the Peck boys was with Goe when he drove the truck from the store to the mill, or whether both were then at the mill, as testified to by Goe; but a reading of all the testimony satisfies us that the owner of this truck showed conclusively that the unlawful use of his property was without his knowledge or consent. When a seizure is

made there is a clear distinction under the act with respect to the disposition to be made of "intoxicating liquor or property designed for the manufacture or sale of intoxicating liquor intended for use in violating any of the provisions of this act" and the disposition of the "wagon, buggy, team, motor vehicle" etc., in which it is transported: the liquor is deemed contraband and is forfeited to the Commonwealth and the vehicle is "forfeited to the Commonwealth subject to the provisions herein set forth." Under section 11 of the act both the liquor and the vehicle may, after a proper hearing before the Court of Quarter Sessions or a judge thereof, be forfeited and condemned. When the circumstances provided for in sub-sections I and II of clause (B) of this section appear the court shall direct the sheriff to destroy the liquor and property designed for its manufacture or sale, or the court may order the liquor to be delivered to a hospital for its use. The vehicle or conveyance seized is to be disposed of under sub-section III of clause (B), which provides for the public sale thereof by the sheriff and the payment of the proceeds to the county treasurer for the use of the county.

The proceedings for the forfeiture or condemnation "of all property, the destruction or sale of which is provided for" in clause (B) of section 11, are prescribed in detail in clause (D) of that section and it is with this clause (D) that we are particularly concerned in this case. On May 9, 1925, the date upon which the three men found in possession of the seized truck and liquor pleaded guilty, the district attorney filed a petition in the Court of Quarter Sessions under sub-section I of clause (D), praying for the forfeiture and condemnation of the truck, which petition had endorsed thereon the following notice, signed by the district attorney, as required by sub-section II: "To the Claimant of the Within Described Property—You

are required to file an answer to this petition setting
forth your title in, and right to possession of, said
property within fifteen (15) days from the service
hereof; and you are also notified that, if you fail to file
said answer, a decree of forfeiture and condemnation
will be entered against said property.'' Upon presenta-
tion of this petition the court signed an order en-
dorsed thereon and reading as follows: ''Now, May
9th, 1925, the foregoing petition having been read and
considered, and it appearing that the owner of the
property described therein is Lloyd Miller, and that
the same was in possession of Millard Goe, Ernest
Peck and Arthur Peck, when seized, the Sheriff is
directed to serve a copy of the within petition on said
Lloyd Miller, directing him to file an answer to the
petition setting forth his title in and right to posses-
sion of said property within fifteen days from the
service thereof, in compliance with sub-section 2 of
Clause D of the Act of Assembly approved March 27,
1923.''

The clerk of courts then handed the sheriff a certi-
fied copy of the petition and order of court consisting
of three pages enclosed within a paper covering or
back, upon which cover was the above quoted statutory
notice from the district attorney to the claimant, to
the effect that, if he did not file his answer within
fifteen days after the date of service, a decree of for-
feiture and condemnation would be entered against
the property. The sheriff returned this document to
the clerk with the following return endorsed below
the certification of the clerk on the third page: ''May
22, 1925, served within petition upon Lloyd Miller, in
Jefferson Twp., by handing him a true and correct
copy of the same. So ans. Martin L. Markel,
Sheriff.'' No answer was ever filed by the claimant
to this petition. On June 15, 1925, the district attorney
presented to the court his affidavit, averring that from
an inspection of the records it appeared that the peti-

tion had been served but no answer filed, and moved the court to declare the truck forfeited and condemned and to direct the sheriff to make sale thereof. No action whatever was taken by the court on this motion and we gather from the opinion filed by the learned president judge that he was of opinion that the return of the sheriff did not sufficiently show that the copy of the petition handed by him to the claimant had endorsed thereon the statutory notice which we have above quoted, and that the Commonwealth was therefore not entitled to an order of condemnation. In his opinion the following paragraph appears: ''There being no record of service of the notice required by Section 11, D, II, Act March 27, 1923, P. L. 34, the Commonwealth's petition must be dismissed.''

In Commonwealth v. One Ford Truck, 85 Pa. Superior Ct. 185, this court held, in an opinion by Judge GAWTHROP, that where a claimant fails to file any answer in obedience to the statutory notice no hearing is necessary, and ''the effect of the terms of the act is to authorize the court to enter a decree of forfeiture and condemnation of the property after the expiration of fifteen days from the service of the petition upon the claimant.'' Again, in Commonwealth, App., v. Reo Speed Wagon, 87 Pa. Superior Ct. 38, the Court of Quarter Sessions of Somerset County was reversed in an opinion by President Judge PORTER, both upon the merits of the case and because it compelled the Commonwealth to go into a hearing, although the owner of the car did not file an answer to the petition of the district attorney. In that case however, as well as in Commonwealth v. One Ford Truck, supra, it clearly appeared that the copy of the petition served by the sheriff upon the claimant had endorsed thereon the statutory notice. In the case last cited it was again specifically stated that ''With the record in this condition there was no necessity for

a hearing, the provisions of the statute clearly indicated the duty of the court to make the order prayed for by the district attorney.'' We cannot agree with the court below that it was justified in refusing to grant the district attorney's motion for condemnation in the case at bar. The sheriff's return showed that ''a true and correct copy'' of the petition was served personally upon the claimant and the fair presumption from this return and upon the whole record is that the copy served had the statutory notice endorsed thereon. Aside from this there can be no doubt that it contained the order of court of May 9, 1925, in which the claimant was directed to ''file an answer to the petition setting forth his title in and right to possession of said property within fifteen days from the service thereof, in compliance with sub-section 2 of clause D of the Act of Assembly approved March 27, 1923.'' . The claimant in any possible aspect of the case had ample notice to file an answer within fifteen days after service upon him of the petition. No justification or excuse for his absolute disregard of the process of the court has been attempted, nor has it been claimed any place in the proceedings that the statutory notice was not, in fact, endorsed upon the copy of the petition handed him by the sheriff. The motion of the district attorney for a decree of forfeiture should have been granted and the claimant remitted to his remedy of having it opened upon showing substantial reasons for his failure to file an answer, or remanded to the exercise of his right under sub-section VII of clause (D) to demand a jury trial. As pointed out in Commonwealth, App., v. Reo Speed Wagon, supra, the determination of the judge is not conclusive and either party has the right to demand a jury trial. After ignoring from May 22 to July 6, 1925, the notice to file an answer, Miller, through his counsel, filed in the court below a petition under sub-section VI of

said clause (D) of section 11, averring that the unlawful use of the automobile was without his knowledge or consent and praying the court to fix a time for a hearing in order that he might have an opportunity to prove his ownership and his averments with respect to the use of the truck, to the end that the same might be returned to him. No order seems to have been made on this petition but the proceedings were placed on the November argument list and came before the court for disposition on November 10th. At that time the district attorney renewed his motion for a decree of forfeiture and condemnation, which motion the court directed to be filed "without prejudice to the rights of the intervenor" and proceeded to take the testimony in behalf of the Commonwealth and the claimant, which we have hereinbefore discussed. In its opinion the court states that it treated the case in arriving at a conclusion as to the facts as if the hearing had been regularly held on this last mentioned petition. After holding the matter under advisement for more than a year the decree assigned for error, in which the Commonwealth's petition for forfeiture and condemnation is dismissed and the bond under which Miller was in possession of the truck discharged, was entered. We cannot approve of this method of procedure. It is true that sub-section VI provides that "any person claiming the ownership of, or right of possession to, any intoxicating liquor, ......conveyance, ........or other property, the disposition of which is provided for in this section, may, at any time prior to the sale thereof, present his petition to the court, alleging his lawful ownership thereof or right of possession thereto, and, if upon public hearing thereon due notice of which having been given to the district attorney, such claimant shall prove by competent evidence to the satisfaction of the court that said intoxicating liquor, ........conveyance, ......was lawfully

acquired, possessed and used by him, or, if it appearing that the property was unlawfully used by a person other than the claimant, he shall prove that such unlawful use was without his knowledge or consent, then the court may order the same returned to said claimant, otherwise, it shall be destroyed or sold (as the case may be) as herein above provided." Although this sub-section is drawn in general terms and the provisions thereof would seem upon their face to be available to "any person claiming the ownership" etc., we are of opinion that this sub-section was not intended to apply to a claimant against whom proceedings have been instituted under the previous sub-sections of clause (D) and upon whom a petition, with the statutory notice endorsed thereon, has been served. At least it is manifest that the Legislature did not intend that an owner, upon whom the petition and notice provided for in the previous sub-sections have been served, may ignore with impunity the process served upon him and then at any time before the actual sale of the vehicle come in under sub-section VI and be entitled to a hearing upon the merits. If this case were not so clear on the merits we would reverse the decree by reason of the irregularities in procedure to which we have referred and direct the court below to enter a decree in accordance with the motion of the district attorney. However, as the evidence is conclusive that the truck was used for the unlawful purpose shown without the knowledge or consent of the owner, justice would require the opening of a decree entered in default of an answer, and, as there is no suggestion that the Commonwealth has any additional testimony, the final results would be the same as those which will flow from an affirmance of the irregularly entered decree. For these reasons the assignments of error are dismissed and the decree affirmed at the cost of the appellant.

GAWTHROP, J., dissents.